UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DONNA J. WILLIAMS,

                Plaintiff,

-against-

WHITE COFFEE CORP.,

                Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**07 CV 344 (ERK) (LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action alleging that defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disability Act, 42 U.S.C. § 12101, *et seq.* Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56.[1] The Honorable Edward R. Korman referred defendant's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendant's motion under Fed. R. Civ. P. 12(b)(6)[2] should be granted and plaintiff's complaint should be dismissed.

---

[1] Defendant provided plaintiff with the requisite notice under Local Civil Rule 56.2.

[2] See, e.g., Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 76 (2d Cir. 2003) (upholding dismissal under Fed. R. Civ. P. 12(b)(6) for failure to timely file EEOC charge); Leavy v. New York City Transit Auth., No. 02 CV 4598 (SJ), 2004 WL 2567210 *1 (E.D.N.Y. Nov. 2, 2004) (construing defendant's motion to dismiss an untimely complaint under Fed. R. Civ. P. 12(b)(6) rather than Fed. R. Civ. P. 56).

1

## BACKGROUND

Plaintiff was employed by the defendant, White Coffee, as a Customer Service Representative. See January 8, 2007 letter, p. 6.[3] Plaintiff states that she suffered discrimination from September 22, 2004 until September 2005. EEOC Intake Questionnaire, p. 22. On June 13, 2004, plaintiff was injured on the job when a co-worker, as a practical joke, "loosened the screws to [her] chair . . . no one told [her] this and when [she] sat on the chair it completely collapsed . . . [causing her] serious injuries." EEOC Intake Questionnaire, p. 23. In February 2005, plaintiff obtained a "medical excuse slip" from her physician stating she could "return to work on light duty with restrictions . . . no lifting and no bending." Dr. Kyrikides letter, p. 27. Upon returning to work, plaintiff alleges the atmosphere at her workplace became "tortuous" because her co-workers refused to speak to her, ignoring her "as if [she] had the plague" and "hindered [her] work by putting things in bottom cabinets." Complaint at ¶ 8; pp. 17-18. Plaintiff also claims that defendant "allowed sexual harassment" for almost one year by a security officer named Paulie. Complaint at ¶ 8. Plaintiff states that Paulie stared at her in such a way that "[w]hen he arrives I must wrap my arms around my breasts so he will stop staring at me and leave my desk." P. 18. Although unclear, it appears that plaintiff's last day of work was sometime in September 2005 and she lists September 29, 2005 as the "latest" date of discrimination by defendant. Plaintiff places an asterisk next to the September 29, 2005 date on her EEOC Charge of Discrimination, p. 16, and states "* total disability date workers comp."

---

[3] The Court considers the documents plaintiff has annexed to her complaint. Brass v. Am. Film Techs. Inc., 987 F.2d 142, 150 (2d Cir. 1993). Although there are no page numbers on the attachments, reference shall be made to the page numbers assigned to the attachments when the complaint, document 1, was electronically filed.

**Procedural History**

Plaintiff filed a Worker's Compensation claim regarding her injuries.[4] On May 18, 2005, plaintiff also filed a discrimination complaint with the Worker's Compensation Board under § 120 of the Worker's Compensation Law. Notice of Decision, p. 20.[5] Plaintiff's claim was denied as the judge found that "claimant has not stated a claim for discrimination under Section 120 of the Worker's Compensation Law." Id. According to plaintiff, the Worker's Compensation judge told her "to file [discrimination suits] with the federal, state & city . . . [and that] the statues [sic] could be extended because I had no knowledge I could file there even though I was in WCB discrimination." Complaint at ¶ 10.

On September 22, 2006, plaintiff filed a charge of employment discrimination based on gender, disability and retaliation with the New York State Division of Human Rights and EEOC, No. 520-2006-02551, p. 16. On December 28, 2006, the EEOC issued a right-to-sue letter finding no "violation of the statutes" and dismissed the action. See EEOC Dismissal and Notice of Rights, p. 8. On January 19, 2007, plaintiff commenced this action pursuant to Title VII and the ADA. Complaint, p. 1. Defendant moves to dismiss this action as time-barred because plaintiff failed to file her Charge of Discrimination within 300 days from the last alleged instance of discrimination. Plaintiff opposes the motion.

---

[4] Plaintiff does not state the date she filed a Worker's Compensation claim regarding her injuries. However, she states on p.17, "[w]e went to court February 14, 2005 and medical documentation was presented with proof of my need for further physical therapy and treatment with a Doctor." Plaintiff clearly filed her Worker's Compensation claim prior to February 2005.

[5] Plaintiff was represented by attorney John J. Ciafone on the Worker's Compensation discrimination complaint.

## STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Bell Atlantic Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002)); Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007). However, the Court is not required to accept "conclusory allegations or legal conclusions masquerading as factual conclusion." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal citation and quotation omitted). To survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. If a plaintiff does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id.

"When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff [ ] had knowledge and relied on in bringing suit." Brass, 987 F.2d at 150. However, when a party submits additional evidence such as affidavits to the Court in connection with a motion to dismiss, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.' " Id. (quoting Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000)); see also Fed. R. Civ. P. 12(b). "This conversion requirement is strictly enforced whenever there is a 'legitimate possibility' that the

district court relied on material outside the complaint in ruling on the motion." Friedl, 210 F.3d at 83 (quoting Amaker v. Weiner, 179 F.3d 48, 50 (2d Cir.1999)). "It is therefore error to 'consider affidavits and exhibits submitted by defendants, or re[ly] on factual allegations contained in legal briefs or memoranda,' in ruling on a 12(b)(6) motion to dismiss." Liberty Mutual Fire Ins. Co. v. E.E. Cruz & Co., 475 F. Supp. 2d 400, 405 (S.D.N.Y. 2007) (quoting Friedl, 210 F.3d at 83-84).

The Court has only considered the documents annexed to plaintiff's complaint. Although defendant herein submitted two affidavits, an affidavit by Peter M. Panken and an affidavit by defendant's Director of Human Resources, Clara Colon, these documents have not been considered. As these affidavits have been explicitly excluded from consideration, there is no need to convert the instant motion to dismiss into one for summary judgment.

## DISCUSSION

A person seeking to bring a federal discrimination suit under Title VII or the ADA must meet two timeliness requirements. First, the person must file administrative charges with the EEOC within 180 days of the alleged unlawful employment practice, or, if the person chooses to file with a state or local agency instead, within 300 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117 (a) (applying the powers, remedies and procedures set forth under Title VII to charges of discrimination brought under the ADA); McPherson v. New York City Dept. of Education, 457 F.3d 211, 213 (2d Cir. 2006). The Court will generally consider only those acts that occur within the limitations period. See Nat'l R.R. Passengers Corp. v. Morgan, 536 U.S. 101, 109 (2002); Elmenayer v. ABF Freight System, Inc., 318 F.3d 130, 133-

5

134 (2d Cir. 2003). Second, after the complainant has been issued a "right to sue" letter, the complainant must file his or her action in federal court within 90 days of receipt of the letter. 42 U.S.C. 2000e-5(f)(1). Unless there are extraordinary circumstances which qualify for equitable tolling, a plaintiff's failure to meet either of these two timeliness requirements will result in the dismissal of a claim as time-barred. See Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d. Cir. 2003) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) and Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)).

In New York, a plaintiff must file an administrative charge of discrimination within 300 days of knowing or having reason to know of the alleged discriminatory act. See Zerilli-Edelglass, 333 F.3d at 80 (affirming dismissal of complaint for failure to comply with 300-day statutory period for filing); Predun v. Shoreham Wading River School Dist., 489 F. Supp. 2d 223, 227 (E.D.N.Y. 2007)( plaintiff must file administrative charge within 300 days of discriminatory act). Here, giving plaintiff every benefit of the doubt as to when the 300 day period began, plaintiff states that the latest date of discrimination was September 29, 2005. Therefore the 300 day period expired on July 25, 2006. Plaintiff filed her Charge of Discrimination on September 22, 2006, sixty days after the expiration of the 300 day period. Therefore, this action is time-barred.

In an effort to overcome the time-bar, plaintiff attempts to invoke a basis for equitable tolling. Specifically, plaintiff argues that she did not know that she "could proceed in Federal Court while I had a case pending before Worker's Compensation Discrimination Court." Plaintiff's Opposition at ¶ 3. Plaintiff also states that the judge who dismissed her Worker's Compensation discrimination claim told her that "the statues [sic] could be extended because I had no knowledge I could file there even though I was in WCB Discrimination." Complaint at ¶ 10. Essentially,

plaintiff argues that her lack of knowledge as to how long she had to file an administrative charge, coupled with the fact that she had a Worker's Compensation discrimination complaint pending, should toll the 300 day time period for filing a charge. Plaintiff's argument is unavailing.

The filing requirements under Title VII and the ADA are not jurisdictional and may be equitably tolled. Zerilli-Edelglass, 333 F.3d at 80 ("The filing deadline for the formal complaint is not jurisdictional and, like a statute of limitations, is subject to equitable tolling"). However, "[e]quitable tolling is suitable only in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." Predun, 489 F. Supp. 2d at 229 (internal citation and quotation omitted).

> While the courts are often hesitant to apply this doctrine for fear of opening the floodgates of litigation, circumstances when the equitable tolling doctrine has been held applicable include times when the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period, when a plaintiff was unaware of his or her cause of action because of defendant's misleading conduct, when the nonparty administrative agency provided the plaintiff with improper information, or when a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion.

Zerilli-Edelglass, 333 F.3d at 80 (internal citation and quotation omitted). The plaintiff must also show that she "acted with reasonable diligence during the time period she seeks to have tolled," and "has proved that the circumstances are so extraordinary that the doctrine should apply." Id.

Plaintiff's allegations do not warrant the application of equitable tolling. Plaintiff alleges that she didn't know that she could file a federal or state discrimination charge while pursuing her discrimination complaint before the Worker's Compensation Board. However, plaintiff's filing of a Worker's Compensation claim is not a proper basis for equitable tolling. In Ramos v. New York City Dept. of Corr., No. 05-CV-223 (JFB), 2006 WL 1120631 *5 (E.D.N.Y. April 26, 2006), plaintiff argued that tolling was proper because he was under the perception that his union was

administratively resolving matters." The Court rejected this argument finding that plaintiff failed to act with reasonable diligence or to demonstrate circumstances so extraordinary that equitable tolling should apply. Id. Here, plaintiff's lack of knowledge that she could file a charge of discrimination while she actively pursued a Worker's Compensation claim will not toll the statute of limitations.[6]

It is settled law that a plaintiff's failure to realize that she must file a discrimination charge within a given period will not toll the limitations period unless plaintiff can show that her employer "actively mislead" her. Francis v. The Blaikie Group, 372 F. Supp. 2d 741, 748 (S.D.N.Y. 2005) ("Neither [plaintiff's] ignorance of her ability to file a charge . . . nor her attorney's alleged failure to return her documents is a sufficient basis for tolling the limitation period"). Here, plaintiff does not allege that her employer mislead her.[7]

Moreover, plaintiff has not "alleged any facts from which the Court could reasonably infer that it would have been impossible for a reasonably prudent person to learn of the filing period, such that a finding of extraordinary circumstances would be warranted." Id. (internal citation omitted). Plaintiff alleges that she was unaware that she could file a charge while she pursued her

---

[6] Plaintiff's EEOC decision did not rely on timeliness as the basis for its dismissal. This does not prevent defendant from raising the issue or the Court from finding the action untimely. "District Courts generally may engage in independent analysis of the timeliness of a complainant's EEOC filing, despite the EEOC's issuance of a 'right to sue letter.'" Leavy v. New York City Transit Authority, No. 02 CV 4598 (SJ), 2004 WL 2567210 at *6 (E.D.N.Y. Nov. 2, 2004) (citations omitted).

[7] Plaintiff's complaint attaches a letter she wrote to defendant on January 8, 2007 in which she states that she has "not resigned from my position as a Customer Service Rep. . . . [and] am still employed by White Coffee Corp." Letter dated January 8, 2007, p. 6. However, this letter is at odds with plaintiff's statements in her discrimination charge stating that her last day of work was September 29, 2005, the date she was found totally disabled and began receiving Worker's Compensation benefits. In addition, plaintiff has not reported to work since September 2005. See Pankin letter, p. 10. Finally, the EEOC letter dated December 28, 2006 to plaintiff finding no violation of the statutes states: "[y]ou further alleged that once you reported the harassment, Respondent retaliated against you by subjecting you to additional harassment. *Consequently you left your job after you were no longer able to work.*" EEOC letter, p. 9. (Emphasis added). Plaintiff's January 8, 2007 letter cannot revive plaintiff's untimely discrimination complaint.

worker's compensation claim. However, this is not a basis for equitable tolling. "Ignorance of the law excuses no one; not because courts assume everyone will know the law, but because this excuse is one all will plead and no one can refute." Dezaio v. Port Auth., 205 F.3d 62, 64 (2d Cir. 2000). This reasoning has been applied to all litigants, including those proceeding *pro se*: "a petitioner's *pro se* status and ignorance of the law do not merit equitable tolling." Kantor-Hopkins v. Cyberzone Health Club, No. 06 CV 643 (DLI), 2007 WL 2687660 at *7 (E.D.N.Y. September 10, 2007) (dismissing *pro se* plaintiff's Title VII action as time barred) (citations omitted). As there is no basis for equitable tolling, plaintiff's complaint should be dismissed as time-barred.

## CONCLUSION

Accordingly, it is respectfully recommended that defendant's motion should be granted and plaintiff's complaint should be dismissed.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 18, 2008
Brooklyn, New York